# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY, a Delaware Corporation,<br><br>Plaintiff,<br>v.<br><br>GREEN PROPERTY SOLUTIONS LLC, a Utah limited liability company; RIDGEBROOK OWNERS ASSOCIATION, a Washington non-profit corporation,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No: 1:19-cv-00010-DB<br><br>District Judge Dee Benson |

Before the court is Defendant's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. (Dkt. No. 16.) Also before the court is Plaintiff's Motion for Summary Judgment. (Dkt. No. 30.) Both motions have been fully briefed by the parties, and the court has considered the facts and arguments set forth in those filings. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the Court elects to determine the motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant Green Property Solutions, LLC ("Green Property") is a construction company insured under a commercial general liability policy ("CGL Policy") issued by Plaintiff Cincinnati Specialty Underwriters Insurance Company ("Cincinnati").

The Ridgebrook Owners Association ("Ridgebrook") hired Green Property to blow insulation into the attics of several condominiums. On December 14, 2018, Ridgebrook filed a lawsuit in the state of Washington ("Underlying Complaint") against Green Property, alleging

1

that the blown-in insulation work performed by Green Property negligently blocked the building's ventilation ports and insect screens. (Dkt. No. 2, Ex. B.) These blocked ventilation ports allegedly led to moisture buildup in the attics and resulted in substantial water damage to the roof plywood sheathing in the condominiums.

Upon service of the Underlying Complaint, Green Property tendered its defense of the Underlying Complaint to Cincinnati. Cincinnati refused to defend Green Property, claiming that the CGL Policy does not cover any of the claims in the Underlying Complaint. On February 7, 2019, Cincinnati filed its Complaint for Declaratory Judgment in this action, asking for a declaration that Cincinnati owes no duty to defend or indemnify Green Property in the Underlying Complaint. (Dkt. No. 2.)

Both Green Property and Cincinnati now move for summary judgment. (Dkt. Nos. 16, 30.) Cincinnati argues that the property damage alleged in the Underlying Complaint was not caused by an "occurrence" and therefor not covered by the CGL Policy. Cincinnati also argues that several exclusions in the CGL Policy apply to disqualify Green Property from coverage in the Underlying Complaint. Green Property argues that it is entitled to a defense because the allegedly defective blown-in insulation constitutes an "occurrence" within the meaning of the CGL Policy, and because no other exclusions in the CGL Policy apply. Green Property also argues that Cincinnati has acted in bad faith by refusing to provide a defense against the Underlying Complaint.

**DISCUSSION**

Federal Rule of Civil Procedure 56 permits the entry of summary judgment in matters where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of showing "that there is no genuine issue of material fact," and the court must "construe all facts, and reasonable inferences therefrom, in favor of the non-moving party." *WKB Enters., Inc. V. Ruan Leasing Co.*, 838 F. Supp. 529, 532 (D. Utah 1993). "For purposes of summary judgment, … the court examines the evidence to determine if a reasonable jury could return a verdict in favor of the nonmoving party. If it can, summary judgment should be denied." *Id*.

Under Utah law, an insurer has a duty to defend its insured against "a liability claim which is covered or which is potentially covered." *Summerhaze Co. v. Fed. Deposit Ins. Corp.*, 332 P.3d 908, 920 (Utah 2014). Whether a claim is covered is determined by comparing the language of two documents: the insurance policy and the underlying complaint. *See Benjamin v. Amica Mut. Ins. Co.,* 140 P.3d 1210, 1214 (Utah 2006). "If the language found within the collective 'eight corners' of these documents [the underlying complaint and the insurance policy] clearly and unambiguously indicates that a duty to defend does or does not exist, the analysis is complete." *Equine Assisted Growth & Learning Ass'n v. Carolina Cas. Ins. Co.,* 266 P.3d 733, 737 (Utah 2011).

Here, the CGL Policy at issue only covers property damage caused by an "occurrence," which is defined as "an accident including continuous or repeated exposure to substantially the same general harmful conditions." (Dkt. No. 16 at 9.) Damage that is not an "occurrence" or "accident" is not covered under the CGL Policy. Under Utah law, property damage may be deemed nonaccidental in two different ways. *See N.M. on behalf of Caleb v. Daniel E.,* 175 P.3d

3

566, 569 (Utah 2008). First, damage is nonaccidental if it is intended by the insured. *Id.* Second, and more important to this matter, damage is nonaccidental "if it is the natural and probable consequence of the insured's act or should have been expected by the insured." *Id.*

Thus, while "negligence *can* give rise to an occurrence," damage that is a natural and probable consequence of the insured's actions does not qualify as such an occurrence. *Cincinnati Ins. Co. v. AMSCO Windows*, 593 F. App'x 802, 808 (10th Cir. 2014). Moreover, "[w]hether damaged property underlying a claim is the direct product of negligent conduct or, instead, is one or more steps removed from the alleged product of negligent conduct may determine whether an insured expected that damage to result." *Id.*

According to the Underlying Complaint, the damage to the roof was a direct product of Green Property's *own* alleged construction defects. While blowing insulation into the attics of the condominiums, Green Property allegedly performed negligently by blocking the ventilation ports in the attics. The subsequent moisture buildup and water damage was a natural and probable result of the lack of ventilation caused directly by Green Property's allegedly defective work. Thus, the property damage alleged in the Underlying Complaint was not caused by an "occurrence" and is not covered by the CGL Policy. Accordingly, Cincinnati's motion is granted. The court does not reach a finding as to whether any other exclusions in the CGL Policy apply.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion for Summary Judgment (Dkt. No. 16) is GRANTED. Cincinnati owes no duty to defend or indemnify Green Property for any claims, damages, and other judicial relief sought in the Underlying Complaint.

Defendants' Motion for Summary Judgment (Dkt. No. 30) is DENIED. Moreover, Cincinnati did not act in bad faith by refusing to defend the Underlying Complaint, and Defendants' Counterclaim (Dkt. No. 7) is also DISMISSED with prejudice.

DATED this 20th day of December, 2019.

BY THE COURT:

Hon. Dee Benson
United States District Judge